UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONSO STANLEY MARQUEZ,<br><br>                           Petitioner,<br><br>v.<br><br>CHAD WOLF, DHS, Secretary; WILLIAM P. BARR, Attorney General (U.S.); and MATTHEW ALBENCE, ICE (FOD),<br><br>                           Respondents. | Case No.: 20-cv-1769-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Alonso Stanley Marquez. (ECF No. 1).

**I.   PROCEDURAL BACKGROUND**

On September 9, 2020, Petitioner Alonso Stanley Marquez, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner alleges that he is an immigration detainee at the Otay Mesa Detention Center. Petitioner alleges that he has been detained awaiting removal to Peru since February 19, 2020, when he was taken into immigration custody after reinstatement of a final removal order. Petitioner alleges that his detention has been unlawfully prolonged in violation of *Zadvydas*

*v. Davis*, 533 U.S. 678 (2001), and Petitioner's substantive and procedural due process rights. Petitioner requests expeditious removal to Peru or immediate release from custody.

On September 11, 2020, the Court ordered Respondents to show cause why the Petition should not be granted by filing a written return. (ECF No. 2). On September 25, 2020, Respondents filed a Return to the Petition. (ECF No. 4). On October 7, 2020, Petitioner filed a Traverse.

## II. FACTS

Petitioner is a native and citizen of Peru. On July 15, 2013, Petitioner became a lawful permanent resident of the United States. (Notice to Appear, ECF No. 4-1 at 4). In 2017, Petitioner was convicted of assault with a deadly weapon in violation of section 245(a) of the California Penal Code and sentenced to 364 days in a Los Angeles County jail. (*Id.* at 5; Record of Deportable/Inadmissible Alien, ECF No. 4-1 at 19). In 2018, Petitioner was convicted of domestic violence in violation of section 263.5 of the California Penal Code and sentenced to 365 days in a Los Angeles County jail. (Notice to Appear, ECF No. 4-1 at 5; Record of Deportable/Inadmissible Alien, ECF No. 4-1 at 19).

On June 15, 2018, Immigration and Customs Enforcement ("ICE") issued a Notice to Appear, charging Petitioner with removability under 8 U.S.C. § 1227(a)(2)(A)(i), A(iii), and (E)(i) for having been convicted of an aggravated felony, a crime of domestic violence, and a crime involving moral turpitude. (Notice to Appear, ECF No. 4-1 at 5). On June 28, 2018, an immigration judge ordered Petitioner removed to Peru, and Petitioner waived appeal. (Order, ECF No. 4-1 at 16). Petitioner was removed to Peru on July 19, 2018. (*See* Warrant of Removal/Deportation, ECF No. 4-1 at 13-14).

On December 21, 2019, Petitioner was arrested for unlawful reentry after removal in violation of 8 U.S.C. § 1326(a) and (b), and the Department of Homeland Security ("DHS") reinstated the 2018 final removal order. (Record of Deportable/Inadmissible Alien, ECF No. 4-1 at 24-26; Notice of Intent/Decision to Reinstate Prior Order, ECF No. 4-1 at 9). On February 18, 2020, Petitioner pled guilty and was sentenced to time served. (Judgment, ECF No. 4-1 at 30). On February 19, 2020, Petitioner was transferred to ICE

custody pending removal to Peru. (Record of Deportable/Inadmissible Alien, ECF No. 4-1 at 27).

Deportation Officer Ramon Meraz states in his Declaration that ICE has obtained a travel document for Petitioner's removal to Peru. (Meraz Decl., ECF No. 4-2 ¶ 5). Meraz states that ICE requested that Petitioner be removed the week of March 16, 2020, but "[o]n March 26, 2020, the San Diego Travel Unit advised that Peru had shut down its borders due to the COVID-19 pandemic and no removal would take place until further notice." (*Id.* ¶¶ 6-7). Meraz states that ICE arranged for Petitioner to travel on a charter flight to Peru on July 16, 2020, but Petitioner was not allowed to board the charter flight due to a pending COVID-19 test. (*Id.* ¶¶ 8-9). Meraz states that as of September 23, 2020, Petitioner's "medical clearance is not an issue." (*Id.* ¶ 10). Meraz states that Petitioner has been "added . . . to a manifest for a charter flight to Peru that is likely to take place during the third week of October 2020." (*Id.* ¶ 11). Meraz is "aware of no other barrier to Petitioner's removal." (*Id.* ¶ 12).

## III.  DISCUSSION

Petitioner asserts that his civil detention has been unlawfully prolonged because he has been detained for more than six months pending final removal to Peru, and "Petitioner's removal to Peru or any other country is not significantly likely to occur in the reasonably foreseeable future." (ECF No. 1 at 20). Petitioner contends that Respondents have failed to review Petitioner's continued detention. Respondents contend that "Petitioner has not demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future[,] [and] [d]elay alone does not satisfy his burden." (ECF No. 4 at 1). Respondents contend that ICE has obtained a valid travel document for Petitioner and expects Petitioner "to depart for Peru in October 2020." (*Id.*).

To succeed on a habeas petition, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under 8 U.S.C. § 1231, "when an alien is ordered removed from the United States, the Attorney General is obliged to facilitate that individual's actual removal within

90 days, a period called the 'removal period.'" *Xi v. U.S. Immigration & Naturalization Serv.*, 298 F.3d 832, 834-35 (9th Cir. 2002) (quoting 8 U.S.C. § 1231(a)(1)). "During the removal period, the Attorney General is required to detain an individual who has been ordered removed on certain specified grounds." *Id.* at 835 (citing 8 U.S.C. § 1231(a)(2)). "Congress, however, recognized that securing actual removal within 90 days will not always be possible. Consequently, [§ 1231] authorizes detention beyond the removal period." *Id.* (citing § 1231(a)(6)). "[T]he statute 'does not permit indefinite detention.'" *Id.* at 836 (quoting *Zadvydas*, 533 U.S. at 689). Section 1231, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Attorney General may detain an alien subject to a final removal order for a "presumptively reasonable period" of six months. *Id.* at 701. After this six-month period, an alien's "continued detention is permissible if his removal is reasonably foreseeable." *Xi*, 298 F.3d at 839 (citing *Zadvydas*, 533 U.S. at 699-701).

The petitioner "has the burden to provide 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Id.* at 839-840 (quoting *Zadvydas*, 533 U.S. at 701). The petitioner's allegations must go beyond "the absence of an extant or pending repatriation agreement" and give "due weight to the likelihood of successful future negotiations." *Zadvydas*, 533 U.S. at 702 (citation omitted). However, the allegations need not demonstrate "the absence of *any* prospect of removal." *Id.* "Once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. The government may rebut the detainee's showing with "evidence of progress . . . in negotiating a petitioner's repatriation." *Kim v. Ashcroft*, 02cv1524-J(LAB) (S.D. Cal. June 2, 2003), ECF No. 25 at 8 (citing *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001); *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

In this case, Petitioner was taken into ICE custody on February 19, 2020, after reinstatement of his 2018 final removal order. ICE has responded to Petitioner's numerous requests for updates on the status of his removal. (*See* ECF No. 1 at 25-66). On June 23, 2020, ICE informed Petitioner that it would not review his custody because "ICE is in possession of a travel document to affect [Petitioner's] removal and expects this to occur in July/2020." (Notice of Imminent Removal, ECF No. 1 at 43). Petitioner was not removed in July 2020 and has been detained for more than six months pending final removal to Peru. However, ICE has obtained a travel document for Petitioner. Peru is accepting charter flights. Deportation Officer Ramon Meraz states in his Declaration that Petitioner missed a scheduled charter flight to Peru on July 16, 2020, because Petitioner had a pending COVID-19 test and was not allowed to board the flight. (Meraz Decl., ECF No. 4-2 at ¶¶ 8-9). Meraz states that as of September 23, 2020, Petitioner's "medical clearance is not an issue." (*Id.* ¶ 10). Meraz states that Petitioner has been "added . . . to a manifest for a charter flight to Peru that is likely to take place during the third week of October 2020." (*Id.* ¶ 11). Meraz is "aware of no other barrier to Petitioner's removal." (*Id.* ¶ 12).

Less than two months have passed since expiration of the "presumptively reasonable" six-month detention period. *Zadvydas*, 533 U.S. at 701. Respondents have set forth evidence that demonstrates progress and the reasons for the delay in Petitioner's removal. Petitioner has a valid travel document and is expected to be removed on a charter flight in October 2020. Petitioner has failed to demonstrate that there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future or that Respondents violated Petitioner's substantive or procedural due process rights. *See id.*

///

///

///

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied.

Dated: October 13, 2020

Hon. William Q. Hayes
United States District Court